DAVIS, Judge.
The City of Tampa appeals the final judgment entered by the trial court that awards Joseph R. Redner $493,256.15 in damages for the wrongful temporary taking of Redner’s property right by improperly rezoning Redner’s real property from “wet” to “dry.” The City argues that the trial court improperly instructed the jury as to the measure of damages.[1] We agree and reverse the final judgment.
Redner owns a certain parcel of real property in the City of Tampa. Prior to his obtaining title, the property was zoned wet, allowing for the sale of alcoholic beverages. Redner obtained title through a complicated series of business transactions that need not be reviewed for purposes of this appeal. However, after Redner obtained title, but prior to his actually taking possession of the property, the city improperly rezoned the property dry, thus disallowing the use of the property as a bar. Redner sued the City, arguing that the rezoning was improper and amounted to a taking of his interest in the property. The trial court agreed and ordered the City to restore the wet zoning. That final summary judgment was appealed, and this court affirmed the trial court’s decision. See City of Tampa v. Redner, 778 So.2d 288 (Fla. 2d DCA 2000).
The trial court then held a jury trial to determine Redner’s damages for the loss of eight years of wet zoning. The City, arguing that the measure of Redner’s damages should be governed by Wheeler v. City of Pleasant Grove, 833 F.2d 267 (11th Cir.1987), proposed a jury instruction which tracked the language of that decision:
Accordingly, in this case, if you find that the City of Tampa is liable for damages to Joseph Redner, Mr. Redner’s damages should be the market rate of return, computed over the period of the temporary taking, on the difference between the property’s fair market value with wet zoning and its fair market value without wet zoning at the time of the taking.
You should not award additional compensation for lost profits or increased costs of development because the relevant fair market values by definition reflect a market estimation of future *272 profits and development costs with respect to this property.
The trial court determined that Wheeler did not apply to this case and refused to give the City’s proposed instruction. Instead, the trial court gave the following instruction requested by Redner:
This measure of compensatory damages can be determined as the loss in income producing potential suffered over that period of time during which the Plaintiffs civil rights were deprived.
The trial court’s summary final judgment found that the City improperly took from Redner a “zoning entitlement.” Although the land with the improperly imposed dry zoning would generate less income than if the property were zoned wet, there was no claim that the dry zoned property was without any value whatsoever nor that it could not produce some income. Accordingly, the proper measure of damages is the reduction in the income producing potential, not the amount of all income lost while the property sat vacant for a period of time. This reduction in income producing potential is measured by subtracting the annual income potential of the property as zoned dry from the annual income potential of the property as zoned wet, multiplied by the number of years the property was improperly zoned. See Wheeler, 883 F.2d 267. The annual income potential would be the expected percentage of return on investment multiplied by the fair market value of the property. For example, if the fair market value of the property zoned dry is $250,000 and the expected percentage of return on the investment is ten percent, the annual income producing potential for the dry property is $25,000. If the fair market value of the property when zoned wet is $300,000, then the annual income producing potential for the wet property is $30,000. The annual loss in income producing potential due to the improper zoning would be $5,000 and the total loss would be eight times that amount, or $40,000.[2]
Although Redner presented evidence of other costs he incurred, those expenses are not recoverable. See Wheeler, 833 F.2d at 270. Specifically, Redner is not entitled to lost income from a lease agreement that had been conditioned on the restoration of the wet zoning; to the costs he incurred for taxes, utilities, and insurance on the property during the temporary taking; or to engineering, architectural, and construction costs incurred remodeling the premises for his personal use as an office building.
The large dollar amount of the verdict against the City, $493,256.15, reflects that the jury improperly awarded the total of Redner’s loss of rental income under the lease agreement calculated over the time of the taking and a significant portion of the costs of maintaining and developing the property. The trial court’s instruction on damages failed to properly instruct the jury as to the appropriate award of damages. Accordingly, we reverse the final judgment and remand for a new trial.
Reversed and remanded.
KELLY, J„ Concurs. .
GREEN, OLIVER L., Senior Judge, Dissents with opinion.

. The City also argues that the damages award is improper because the rezoning of the property was not a compensable taking. The City further argues that even though this issue was not raised below, it is fundamental and can be raised for the first time on appeal. Although we agree that the argument may be fundamental, it should have been raised on the appeal of the final summary judgment that affirmed the trial court's determination that the City did make such a taking. Since it was riot raised at the earlier appeal, we consider it waived.

. These numbers are chosen for illustrative purposes only and do not reflect the testimony presented in this case.